IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANET S. SELF, | ) |
| Plaintiff, | ) |
| v. | ) CASE No: 1:20-cv-1390 |
| | ) Formerly Marion Superior Court, Civil Div #4 |
| ASBURY INDY CHEV, LLC, | ) Cause No. 49D04-2011-CT-040579 |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Asbury Indy Chev LLC (hereinafter "Asbury") removes Cause No. 49D04-2011-CT-040579 from the Marion Superior Court, Civil Division #4, State of Indiana, to the United States District Court Southern District of Indiana pursuant to 28 U.S.C. § 1332(a) (diversity) and as grounds for its removal states as follows:

### Statement of the Case

1. On November 16, 2020, Plaintiff Janet S. Self (hereinafter "Self") filed a Complaint in the Marion County Superior Court, Civil Division 4 captioned "Janet S. Self, Plaintiff v. Asbury Indy Chev, LLC, Defendant" with Cause No. 49D04-2011-CT-040579 (hereinafter the "State Court Action"). A copy of the Complaint is attached as Exhibit A hereto.

2. Asbury was served with the summons and Complaint on November 20, 2020.

3. The Complaint asserts one cause of action with the allegations sounding in negligence. The gravamen of Self's Complaint is a claim of negligence from an alleged trip and fall occurring at Asbury's property located at 4096 West 96th Street, Indianapolis, Marion County, Indiana on March 9, 2019.

4. In paragraph 13 of Self's Complaint she alleges that she was "severely injured, which injuries include a fractured leg." Self alleges damages that include physical injuries, medical and other costs, as well as pain and suffering, mental anguish, emotional distress and permanent and physical impairment.

5. As part of pre-suit communication, counsel for Self provided information regarding medical bills in excess of Seventy-five thousand dollars ($75,000.00).

**Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

6. This Court has jurisdiction over this matter under U.S.C. §1332(a), because there is a complete diversity of citizenship between Self and Asbury and more than $75,000, exclusive of interest and costs, being at issue.

7. As shown in the Complaint, Exhibit A, Plaintiff Self alleges that she is a resident of Marion County, Indiana.

8. Asbury is not a resident of the State of Indiana because it is a limited liability company without any owner or member that is a citizen of the State of Indiana. Attached hereto as Exhibit B is the Affidavit of Dean Calloway, Associate General Counsel for Asbury Automotive Group, Inc.

9. As established by that Affidavit, the Defendant Asbury Indy Chev, LLC is a Delaware Limited Liability Company whose sole member is Asbury Automotive St. Louis, LLC. Asbury Automotive St. Louis, LLC is a Delaware Limited Liability Company whose sole member is Asbury Automotive Group, L.L.C. Asbury Automotive Group, LLC is a Delaware Limited Liability Company whose sole member is Asbury Automotive Group, Inc. Asbury Automotive Group, Inc. is a Delaware Corporation with its principal place of business in Georgia.

10. Thus, there is complete diversity between Janet S. Self and Asbury Indy Chev, LLC in this action.

11. Plaintiff requests compensatory damages citing various categories without amount; however, pre-suit communications with counsel for Self confirm medical expenses in excess of $75,000.

### All Procedural Requirements for Removal Have Been Satisfied

12. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon Asbury are filed with this Notice of Removal. Asbury will file true and accurate copies of all other documents on file in the State Court Action within thirty (30) days of the filing of this Notice of Removal.

13. This Notice of Removal has been filed within thirty (30) days of when the Summons and Complaint was served upon Asbury.

14. Notice of Removal has also been filed within the State Court Action. Removal is therefore timely and in accordance with 28 U.S.C. §1446(b).

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Count for the Southern District of Indiana is the federal judicial district embracing the Marion County Superior Court, Indiana where the State Court Action was originally filed.

### Conclusion

By this Notice of Removal, Asbury intends no admission of fact, law or liability and expressly reserves all defenses, motions and/or pleas.

December 14, 2020

Respectfully submitted,

*/s/ Glenn D. Bowman*
Glenn D. Bowman, #4085-49
Donn H. Wray, #1643-49
STOLL KEENON OGDEN PLLC
300 North Meridian Street, Suite 1650
Indianapolis, IN 46204
Phone: (317) 464-1591
Facsimile (317) 464-1592
Email: Glenn.Bowman@skofirm.com
Donn.Wray@skofirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this 14th day of December, 2020 caused a true and correct copy of the above and foregoing was filed electronically.  Notice of this filing will be sent to counsel of record via the Court's Electronic Filing System. Parties may access this filing through the Court's system. A copy of this Notice was also sent via United States First Class Mail on the 14th day of December, 2020, postage prepaid.

      Alan J. Irvin
      Donahoe Irvin PC
      111 North Rangeline Road
      Carmel, IN 46032
      airvin@donahoe-irvin.com

      /s/ Glenn D. Bowman

124439.168575/8401058.1