| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |
| | | |
| JANET S. SELF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASBURY INDY CHEV, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff Janet S. Self, by counsel, complains against Defendant Asbury Indy Chev, LLC as follows.

1. Plaintiff is a resident of Marion County, Indiana.

2. Defendant, at all relevant times, owned, occupied, possessed, controlled and maintained certain real estate located at 4096 West 96th Street, Indianapolis, Marion County, Indiana ("Property"), where it was doing business as Bill Estes Chevrolet.

3. Venue is proper in Marion County because this action arises out of personal injuries sustained on, and directly and proximately resulting from the condition of, real estate located in Marion County.

4. On March 9, 2019, Plaintiff was a guest and public invitee on the Property. Plaintiff brought her vehicle to the Property for Defendant to check a faulty battery and to perform related maintenance services.

5. After dropping off her vehicle for service, Plaintiff walked down a sidewalk running along in front of the dealership showroom to meet a ride in the parking lot on the northside of the building. Plaintiff tripped and fell when stepping off the sidewalk, which was

nearly two (2) feet higher than the parking lot surface below.  There was no railing, posted sign or markings on the sidewalk and curb warning Defendant's customers of this abrupt change in elevation from the level sidewalk to the parking lot surface.

6. The Property was in a defective, hazardous and dangerous condition that posed an unreasonable risk of harm to Defendant's customers.  This risk was not known to Plaintiff, nor was this condition on the Property an obvious danger.   Upon information and belief, the Property did not comply with applicable building and safety codes.

7. Plaintiff was present on the Property by Defendant's express or implied invitation for its financial benefit, and was a business invitee under Indiana law.

8. Defendant owed its business invitees, including Plaintiff, a duty to maintain the Property in a reasonably safe condition, a duty to comply with any and all applicable building and safety codes, a duty to discover dangerous conditions on its premises in the exercise of reasonable care, a duty to inspect its premises for hazards that could foreseeably cause injury to its patrons, and a duty to warn its invitees of dangerous conditions on its premises.

9. Plaintiff had a right to assume that Defendant had met and satisfied its duty to maintain the Property in a reasonably safe condition.

10. Defendant breached its duties to Plaintiff and was negligent for failing to exercise reasonable care in maintaining the Property in a reasonably safe condition, for failing to warn its invitees of the dangerous condition on the premises, and upon information and believe, for failing to bring the Property into compliance with any and all applicable building and safety codes, which noncompliance could reasonably cause injury to customers of Bill Estes Chevrolet.

11. Defendant knew, or in the exercise of reasonable care should have known, of the dangerous conditions existing on the Property during Plaintiff's visit, that such conditions

involved an unreasonable risk of harm to invitees, and that invitees would not realize, discovery or be able to protect themselves against such conditions. Defendant failed to exercise reasonable care to protect its invitees from the dangerous conditions existing on the Property.

12. Defendant did not warn, and did not attempt to warn, Plaintiff of the dangerous conditions existing on the Property.

13. As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff was severely injured, which injuries included a fractured leg, and has sustained damages. Plaintiff's damages include, but are not limited to, physical injuries, medical and other costs, pain and suffering, mental anguish, emotional distress, permanent physical impairment, and loss of enjoyment of life.

14. Defendant is liable for any and all negligent acts and/or omissions of its employees, agents and/or representatives in connection with Plaintiff's fall on the Property.

15. Plaintiff in no way caused or contributed to the cause of her fall on the Property, or the injuries and damages sustained by her as a result.

16 Except for Defendant, there are no other parties or non-parties who caused or contributed to the cause of Plaintiff's fall on the Property, or the injuries and damages Plaintiff sustained.

WHEREFORE, Plaintiff prays for judgment against Defendant, in an amount reasonable to compensate her for the damages she sustained on the Property, for the costs of this action, for any and all  prejudgment interest, and all other appropriate relief.

DONAHOE IRVIN PC

/s/ Alan J. Irvin
Alan J. Irvin (Atty. No. 16755-53)

## JURY DEMAND

Plaintiff, pursuant to Trial Rule 38, hereby demands trial by jury of this cause.

DONAHOE IRVIN PC

/s/ Alan J. Irvin
Alan J. Irvin (Atty. No. 16755-53)

DONAHOE IRVIN PC
111 North Rangeline Road
Carmel, IN  46032
Telephone:  (317) 580-3000
Facsimile:  (317) 816-8745
E-Mail:  airvin@donahoe-irvin.com
         Counsel for Plaintiff

4

**49D04-2011-CT-040579**
Case 1:20-cv-03190-RLY-DML   Document 1-1   Filed 12/14/20   Page 5 of 5 PageID #: 9
Marion Superior Court, Civil Division 4
Filed: 11/16/2020 1:53 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

JANET S. SELF, )
)
      Plaintiff, )
)
      v. )
)
ASBURY INDY CHEV, LLC, )
)
      Defendant. )

### SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT:    Asbury Indy Chev, LLC
    c/o Corporation Service Company, Registered Agent
    135 North Pennsylvania Street, Suite 1610
    Indianapolis, IN 46204

    You have been sued by the person(s) identified as "Plaintiff" in the Court stated above.

    The nature of the suit against you is stated in the COMPLAINT that is attached to this SUMMONS. It also states the demand that the Plaintiff has made against you.

    You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

    In the event the SUMMONS and COMPLAINT were left for you and you then received by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

    However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

    If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff have demanded.

    If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

    The following manner of service is hereby designated: **Certified Mail, Return Receipt Requested**

Attorney for Plaintiff:                        Date: 11/16/2020
ALAN J. IRVIN
Atty. No.: 16755-53
DONAHOE IRVIN PC                            _Myla A. Eldridge_
111 North Rangeline Road                CLERK, MARION SUPERIOR COURT
Carmel, IN 46032
(317) 580-3000                                      Marion County Clerk's Office
                                                        200 East Washington Street, # W-122
                                                        Indianapolis, IN 46204
                                                        (317) 327-4740

